No. 73.—JESSE SPEARS, plaintiff in error, *vs.* WILLIAM SMITH, defendant in error.

[1.] On application for new trial, a brief of the testimony required by the 61st Common Law rule of practice, is not by that rule required to be entered on the minutes of the Court, but must be *filed*.

[2.] The Superior Courts have the power and authority, under the Constitution and the 55th section of the Judiciary Act of 1799, to grant new trials from the first verdict that may be rendered in a cause.

[3.] Whenever there is any doubt as to the justice or legality of the verdict of the Jury, this Court will not control the discretion of the Court below, in granting a new trial.

Assumpsit, &c. in Floyd Superior Court. Motion for a new trial. Decided by Judge WRIGHT, July Term, 1849.

Suit was commenced by Jesse Spears against William Smith, on a note made to C. Haynes or bearer, for $19,043 49, dated July 6th, 1840, and due at one day. To this case, Smith pleaded :

1st. That Spears had no real interest in this note, but that Haynes was the true owner.

2d. Payment; and,

3d. Set-off against Haynes, to the amount of $12,172.

On the trial, the Court struck out the plea of set-off, and the parties went to trial on the other pleas. The Jury found a verdict for $4,836 70 ; and Smith, by his counsel, moved a new trial, on the grounds that the verdict was contrary to the law and evidence, and that the Court erred in striking out the plea of set-off of debts due by Haynes to Smith. The rule *nisi* was granted, and an abstract of the testimony made out and agreed on by the counsel of both parties, " to be considered as of file."

At the July adjourned Term of 1849, the rule came on for a hearing, when counsel for Spears moved to discharge the rule, on the ground that the abstract of the testimony had not been " entered of record ;" which motion was overruled by the Court, and the abstract entered *nunc pro tunc*. To which decision, plaintiff excepted.

It appeared from the evidence that the transfer of the note to Spears was colorable only to force defendant to settle ; and that Haynes was the true owner. There were several credits on the

note, and it was contended by counsel in this Court that the Jury allowed the set-off in their calculations, notwithstanding the plea had been stricken.

The Court below, after hearing argument, granted a new trial, and this decision is excepted to as erroneous.

HOOPER & MITCHELL and SHACKELFORD, for plaintiff in error.

W. H. UNDERWOOD, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] Three objections were urged against the judgment of the Court below, granting a new trial in this cause. First, That a brief of the testimony agreed on by the counsel in the cause, had not been entered on the minutes of the Court. The 61st rule of practice does not require it should be entered on the minutes of the Court; that rule only declares that a brief of the testimony in the cause shall be *filed*. *Hotchkiss,* 951.

[2.] The second objection is, that the Court had no authority to grant a new trial from the first verdict rendered in the cause. The Constitution nor the 55th section of the Judiciary Act of 1799, does not restrict the power of the Superior Courts to grant new trials from the first verdict. The power conferred on the Superior Courts is a general one, and we have no authority to restrict it to trials on the appeal. Indeed, such a rule of practice might, in some cases, operate very oppressively, when a party could not give *security* to enter an appeal, nor swear he was unable to do so, on account of his *poverty*.

[3.] The third objection is, that notwithstanding the defendant's pleas of set-off were stricken out, the whole amount thereof was allowed him by the Jury. According to the calculation which we have made, deducting the credits on the note, the full amount of the sets-off pleaded were not allowed; or if they were, the verdict of the Jury was for too much. Whether the full amount of the sets-off pleaded, is allowed by the Jury or not, is at least a *doubtful* question in our minds, and therefore we will not control the discretion of the Court, in granting the new trial.

Let the judgment of the Court below be affirmed.